EASTERN DIS.
*December*, 1832.

PEMBERTON
*vs.*
ERWIN ET AL.

PEMBERTON *vs.* ERWIN ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

After an appeal taken from a judgment below dismissing exceptions filed by the defendant, to the security which was furnished by the bond, the inferior court cannot enter into the validity of that instrument on the application of the plaintiffs.

If with the consent of the plaintiff the execution be stayed until he furnish security to the satisfaction of the court—the defendant will have the right to contest the sufficiency of the security offered. Although it be questionable whether the case was one, in which security would have been ordered if required by the defendant.

The dismissal of exceptions to the sufficiency of the security offered, does not work an irreparable injury, and an appeal therefrom will be dismissed as premature.

This action was brought by the payee against the widow and heirs of the drawer of two promissory notes for ten thousand dollars each.

The defendants admitting the signature, alleged the notes were given in part payment for a plantation and slaves in the parish of Iberville, sold by the plaintiff, and to which his vendor had never had title.

Before this want of title in plaintiff was discovered, the drawer of the notes had sold the plantation and slaves to the widow Zacharie, since deceased. As a part of the consideration of this sale, she assumed the obligation to pay the notes. The defendants averred that her heirs are bound to save them harmless, and accordingly cited them in warranty.

The heirs of Mrs. Zacharie appeared and denied any obligation on their part, until a good title should be shown in the plaintiff's vendor, and until several mortgages on the property, stated in the act of sale to the plaintiff, were satisfied.

A suit had already.been instituted by the plaintiff against the heirs of Mrs. Zacharie upon the notes in question, and upon consent of the parties the two suits were ordered to be consolidated.

The court gave judgment for the plaintiff,. and with his consent ordered a stay of execution, until he should file in court his bond with security, to the satisfaction of the court, against any claims of certain heirs. The mortgage on the plantation and negroes was decreed to be executory against the heirs of Mrs. Zacharie.

The plaintiff filed the bond with the original vendor as surety. The defendants excepted that the surety was already bound as vendor, that the amount of the bond was insufficient; and for these and other reasons they prayed stay of execution accordingly.

The defendants, exceptions were overruled, the judgment in some particulars amended, and a new trial refused.

On the 12th of June a rule was taken on the defendants, to show cause why the bond and mortgage offered, should not be approved by the court. On the 21st of the same month, a petition of appeal was granted, and on the 23d, the rule taken on the defendants was made absolute.

The plaintiff afterwards took a rule on the defendants, to show cause why the order granting an appeal should not be received. This rule was discharged.

*D. Seghers* and *Peirce,* for appellants.

*Slidell,* for appellee.

The opinion of the court was delivered by PORTER, J.

This action was brought to enforce payment of two notes, given to the plaintiff in consideration of a plantation sold by him. The court on the 18th May, 1832, gave judgment against the defendants for the amount claimed in the petition, and further ordered, with consent of the plaintiff, that execution be stayed on this judgment until the plaintiff

should file his bond, with security, to the satisfaction of the court, against the claims of certain persons who it was feared might set up title to the premises.

In pursuance of this judgment, the plaintiff did file in court a bond with surety, supported by mortgage on certain property therein specified.

On the 31st May, the defendants filed several exceptions to the sufficiency of the security tendered, and on the first of June, the court, after hearing counsel, ordered them to be dismissed.

In the inquiry which preceded this decision, the defendants produced several witnesses who were sworn and examined in support of the exceptions, and the court was requested to have the testimony reduced to writing, to serve the party by whom the proof was introduced, in case an appeal should thereafter be taken. The judge below refused this demand, on the ground that it was a matter entirely within the discretion of the court below, from the decision of which no appeal could be taken.

The defendants then applied to the Supreme Court for a *mandamus* to compel the judge of the District Court, to sign a bill of exceptions, which had been tendered to him, and in which his refusal to permit the testimony to be reduced to writing was set forth. This court, after hearing the parties, was of opinion that the judge below should sign the bill of exceptions; and a *mandamus*, directing him to do so, was accordingly issued. This order was made on the 4th June.

And on the 12th of the same month, a rule was taken in the District Court by the plaintiff on the defendants, calling on them to show cause, on Saturday next, the 16th, why the mortgage and bond given by the plaintiff should not be approved by the court. On the day last mentioned, testimony was adduced by both parties, and the cause was continued until the 23d. On that day the court gave judgment, by which the bond filed by the plaintiff was approved.

But previous to this judgment, viz:—on the 21st, the defendants presented to the judge a petition of appeal from the decree of the first June, by which their exceptions had

been dismissed. This appeal was granted by the judge, and on that appeal the case now comes before this court.

After this appeal was granted, the defendants applied for a writ of prohibition from this court to that of the district, restraining it from making any further orders in relation to the validity of the bond, until the appeal could be determined. The application was sustained, and the writ of prohibition issued.

It is our opinion that after an appeal taken from a judgment below, dismissing the exceptions filed by the defendants to the security which was furnished by the bond, the inferior tribunal could not enter into the validity of that instrument, on the application of the plaintiff: because the defendants would either have been deprived of the benefit of objections which the court had already decided were invalid, or if permitted to renew them, there would have been a second trial on matters already passed on, and then pending before the appellate tribunal. Whether the appeal was premature, or not, was a question which the inferior court had lost cognizance of, by the fact of having granted it. We therefore think we are limited in our inquiry to the facts which preceded the judgment appealed from, and that what took place afterwards, cannot in any respect affect our decision.

After an appeal taken from a judgment below, dismissing exceptions filed by the defendants, to the security which was furnished by the bond, the inferior court cannot enter into the validity of that instrument on the application of the plaintiffs.

It has been contended that the offer to furnish security was entirely gratuitous on the part of the plaintiff, and that the defendants had no right to complain of the insufficiency of it; but we think differently. It is true, it may be questionable whether the case is one in which it would have been ordered, but it was a defence which was presented by the pleadings, and in which the defendants had a right to the judgment of the court. The consent of the plaintiffs to furnish the security, and their agreement to make the issuing of execution conditional on their doing so, conferred on the defendants the right to see that condition complied with. It could not have been a compliance with it to furnish insufficient security. The terms used in the judgment by which the bond was to be given to the satisfaction of the court, cannot be understood as depriving the opposite party of the

If, with consent of the plaintiff, the execution be stayed until he furnish security to the satisfaction of the court, the defendant will have the right to contest the sufficiency of the security offered—although it be questionable whether the case was one, in which security would have been ordered if required by the defendant.

right to show why the court should not be satisfied with the security offered.

The dismissal of exceptions to the sufficiency of the security offered, does not work an irreparable injury, and an appeal therefrom will be dismissed as premature.

We are, however, of opinion, the appeal was premature. The dismissal of the exceptions worked no irreparable injury to the defendants. A judgment of the court below, sustaining the validity of the bond, could alone have such effect; and until that judgment was rendered, no injury was inflicted, while an appeal from it would not have redressed.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.